**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

JACKTON OPIYO )
)
    Plaintiff, ) Case No.
)
v. )
)
RIVERSTONE    INTERNATIONAL ) Judge
INSURANCE, INC. )
)
    Defendant. )

**NOTICE OF REMOVAL**

In accordance with 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, RiverStone International Insurance, Inc. ("RiverStone"), by and through undersigned counsel, hereby removes this action from the Court of Common Pleas for Philadelphia County, Pennsylvania ("State Court Action"), where it is now pending, to the United States District Court for the Eastern District of Pennsylvania. RiverStone states as follows to establish the United States District Court's jurisdiction:

**INTRODUCTION**

1. Plaintiff, Jackton Opiyo, ("Plaintiff" or "Opiyo") commenced the State Court Action with the filing of the Complaint on June 25, 2026, in the Court of Common Pleas for Philadelphia County, Pennsylvania (Case No. 260603598). A true and correct copy of Plaintiff's Complaint is attached hereto as **Exhibit "1."**

2. This is an insurance coverage dispute brought under a motor vehicle insurance policy, which was issued by Electric Insurance Company now known as RiverStone International Insurance, Inc. to its Insured Jackton Opiyo. Plaintiff has brought counts sounding in First-Party Medical Benefits, Breach of Contract, Bad Faith, and Unfair Trade Practices and Consumer Protection Law.

1

3.     RiverStone was served with the Complaint on or about July 03, 2026.

4.     RiverStone is the sole defendant in the State Court Action.

5.     The grounds for removal and reasons that removal is appropriate are set forth herein in accordance with 28 U.S.C. § 1446(a).

## JURISDICTION

**I.     Diversity of Citizenship**

6.     A state court action may be removed to a United States District Court where such District Court has original jurisdiction.  *See* 28 U.S.C. § 1441.

7.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332, which provides in pertinent part:

> (a)     The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> (1) citizens of different States;

28 U.S.C. § 1332(1).

8.     Thus, jurisdiction in this Court is proper if: 1) the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00); and 2) this action is between citizens of different states (*i.e.*, complete diversity).

9.     In order for diversity jurisdiction to exist, there must be complete diversity of citizenship between the parties.  28 U.S.C. § 1332(a).

10.    In this action, the citizenship of the parties is completely diverse.

11.    Plaintiff and RiverStone are citizens of different states for purposes of establishing this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

12. At all times material hereto, Plaintiff's domicile—the place of his true, fixed, and permanent home and principal establishments, and to which he has the intention of returning whenever he is absent—is and was in Pennsylvania.

13. Therefore, Plaintiff is a citizen of Pennsylvania for purposes of diversity jurisdiction.

14. At all times material hereto, RiverStone is and was a corporation organized and existing under the laws of the State of Massachusetts with its principal place of business in Beverly, Massachusetts. Attached as **Exhibit "2"** is a true and correct copy of a publicly available record from the website of the Secretary of the Commonwealth of Massachusetts (https://www.sec.state.ma.us).

15. Accordingly, RiverStone is a citizen of Massachusetts.

16. Plaintiff is not a citizen of Massachusetts for the purposes of diversity jurisdiction.

17. RiverStone is not a citizen of Pennsylvania for purposes of diversity jurisdiction.

18. Because Plaintiff is not a citizen of Massachusetts and RiverStone is not a citizen of Pennsylvania, the Parties' are completely diverse for purposes of diversity jurisdiction.

19. Philadelphia County is within the jurisdictional limits of this Court.  28 U.S.C. § 118.

20. Venue in this Court is proper because it is "the district court of the United States for the district and division within which such action is pending."  *See* 28 U.S.C. § 1446(a).

21. Accordingly, complete diversity of citizenship exists under 28 U.S.C. § 1332.

## II.   Amount in Controversy

22. The amount in controversy in this action, exclusive of interest and costs, exceeds the jurisdictional amount of $75,000, as set forth in 28 U.S.C. § 1332.

3

23.    Here, Plaintiff seeks to recover from RiverStone an amount in excess of $550,000.00, which represents Plaintiff's accident-related medical treatment cost, in addition to other damages. *See* Ex. 1 ¶¶ 13, 15, 33(a)-(f), 41(a)-(f)

24.    Specifically, Plaintiff's Complaint alleges:

a.    Plaintiff's accident-related medical treatment cost more than $550,000.00. Ex. 1 ¶ 13;

b.    To date, RiverStone has refused to pay any of the medical treatment invoices. Ex. 1 ¶ 15;

c.    To date, RiverStone has not challenged the reasonable or necessity of Plaintiff's treatment before a Peer Review Organization. Ex. 1 ¶¶ 16 and 40(d);

d.    RiverStone advised it will not pay any medical treatment invoices. Ex. 1 ¶ 18;

e.    RiverStone has acted in bad faith, recklessly, wantonly, and unreasonably refusing to pay first-party medical benefits. Ex 1 ¶ 26;

f.    Entitlement to payment of all unpaid medical bills (exceeding $550,000) per 75 Pa.C.S. § 1797 and the applicable insurance policy. Ex. 1 ¶ ¶33(a) and 41(a);

g.    Entitlement to payment of 12% interest per annum. Ex 1 ¶¶ 33(b) and 41(b);

h.    Entitlement to attorney fees at a rate of $500 per hour. Ex. 1 ¶¶ 33(c) and 41(c);

i.    Entitlement to payment of treble damages per 75 Pa.C.S. § 1797. Ex. 1 ¶¶ 33(e) and 41(e); and

j.    Entitlement to bad faith damages, including attorney fees and costs, punitive damages, and interest at a rate equal to the prime rate plus 3% in accordance with Pa.C.S. § 8371. Ex. 1 ¶¶ 33(f) and 41(f)

25.    The general federal rule has long been to decide the amount in controversy from the complaint, unless it appears or is in some way shown that the amount stated in the complaint is not claimed "in good faith" or the complaint does not state an amount in controversy. *See Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961) (*citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).

26.    Pennsylvania law, in certain circumstances, does not permit a demand for a specific sum. *See* Pa. R. C. P. No. 1021(b).

27.    Plaintiff's Complaint does not demand a specific sum; rather, Plaintiff seeks to recover an amount in excess of $550,000 (Ex. 1 ¶¶ 13-15, 33(a) and (41(a)), plus statutory attorneys' fees at a rate of $500 per hour (*Id*. at ¶¶ 33(c) and 41(c)), statutory treble damages (*Id*. at ¶¶ 33(e) and 41(e)), and statutory bad faith damages, including attorney fees and costs, punitive damages, and interest (*Id*. at ¶¶ 33(f) and 41 (f).

28.    Therefore, Plaintiff's claim for unpaid medical bills, without more, satisfies the $75,000 jurisdictional threshold.

29.    Additionally, when considering the amount in controversy, courts can consider treble damages when the same are authorized by statute. *See e.g. Grier v. Glob. Tel Link/Via Path Techs., Corp.*, No. 26-CV-2515, 2026 U.S. Dist. LEXIS 154584, at *15 (E.D. Pa. July 13, 2026) (citing *See Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 399-400 (including potential damages under the Pennsylvania Unfair Trade Practices and Consumer Protection Law to calculate amount in controversy for diversity jurisdiction).

30.    In this matter, there can be no genuine dispute that the compensatory damages sought, without more, satisfy the jurisdictional floor. When the potential for treble damages is considered, there is simply no room for debate: the amount in controversy is satisfied.

31.    Further, when both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the amount in controversy requirement has been satisfied. *Goldfarb v. Kalodimos*, 539 F. Supp. 3d 435, 450 (E.D. Pa. 2021) (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993)).

32.    Courts in this District routinely find that the amount in controversy requirement is met when a punitive to compensatory damages ratio of at least 1-to-1 exceeds the $75,000.00 threshold. *See Goldfarb*, 539 F. Supp. 3d at 450; *see also Minissale v. State Farm Fire & Cas. Co.*, 988 F. Supp. 2d 472, 473-75, 477 (E.D. Pa. 2013) (holding that breach of contract claim for compensatory damages of $55,315 and punitive damages for bad faith under 42 Pa.C.S. § 8371 meet amount in controversy).

33.    Here, there is no doubt that a 1-to-1 ration of compensatory damages to punitive damages exceeds the minimum jurisdictional threshold, especially because the compensatory damages sought, alone, exceed $75,000.

34.    In summary, Plaintiff's claims exceed the $75,000 jurisdictional threshold, exclusive of interest and costs.

## **PROCEDURE FOR REMOVAL**

35.    This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1).

36.    The case stated by the Complaint was facially removable and is being filed within thirty days of service of the State Court Action.

37.     Specifically, the Complaint was served on RiverStone on or about July 3, 2026. A true and correct copy of the Affidavit of Service filed by Plaintiff in the State Court Action is attached hereto as **Exhibit "3."**

38.     Thirty days after July 3, 2026 is Sunday, August 2, 2026 such that the deadline to remove this action is Monday, August 3, 2026.

39.     Because this Notice of Removal is being filed within thirty days of service of the State Court Action on RiverStone, the timeliness requirements set forth in 28 U.S.C. § 1446(c)(1) are satisfied.

40.     Promptly after filing this Notice of Removal, the undersigned will serve a Notice of Filing of Removal upon Plaintiff and file a copy of the Notice with the Clerk of the Court of Common Pleas of Philadelphia County as required by 28 U.S.C. § 1446(d).

41.     Pursuant to 28 U.S.C § 1446(a), a true and correct copy of the docket, summons, complaint and all other filings, which collectively encompass all the matters presently pending in the State Court Action, are attached as **Exhibit "4."**

42.     RiverStone files herewith the civil cover sheet (attached hereto as **Exhibit "5"**) and has made payment of the required filing fee.

43.     RiverStone submits the declaration of Tim McNamara in support of this Notice of Removal, which is attached hereto as **Exhibit "6."**

<u>**CONCLUSION**</u>

43.     RiverStone has fully complied with the requirements of 28 U.S.C. § 1446 and the Federal Rules of Civil Procedure that govern removal from state court.  This Court has original jurisdiction over this matter on the grounds that it is a civil action with an amount in controversy exceeding $75,000.00 and is between citizens of different states. Accordingly, RiverStone

7

respectfully asserts that the United States District Court for the Eastern District of Pennsylvania should take jurisdiction over this matter.

   **WHEREFORE**, Defendant, RiverStone International Insurance, Inc., respectfully requests that this action, pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, be removed to the United States District Court for the Eastern District of Pennsylvania.

   Dated: August 3, 2026

                              Respectfully Submitted,


                              */s/ Keighlyn J. Oliver*
                              Keighlyn J. Oliver, PA Bar No. 330372
                              HINSHAW & CULBERTSON LLP
                              111 Wood Avenue South, Suite 210
                              Iselin, New Jersey 08830
                              Tel: 908-292-0030
                              koliver@hinshawlaw.com

                              &

                              Rory Eric Jurman, FB #194646
                              Peter J. Lewis, FB #118316
                              Jennifer Castro, FB #48721
                              HINSHAW & CULBERTSON LLP
                              201 East Las Olas Boulevard
                              Suite 1450
                              Ft. Lauderdale, FL 33301
                              Tel: 954-467-7900
                              Fax: 954-467-1024
                              rjurman@hinshawlaw.com
                              plewis@hinshawlaw.com
                              jcastro@hinshawlaw.com
                              *Pro Hac Vice Pending*